UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA H. QUINONES,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. SACV 14-1425 JC<br><br>MEMORANDUM OPINION |

**I.　SUMMARY**

On September 5, 2014, plaintiff Rosa H. Quinones ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; September 11, 2014 Case Management Order ¶ 5.

///

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 24, 2011, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 142). Plaintiff asserted that she became disabled on February 10, 2011, due to rheumatoid arthritis, spinal surgery, diabetes, and sleep apnea. (AR 172). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert, and a vocational expert on February 13, 2013. (AR 36-57).

On March 19, 2013, the ALJ determined that plaintiff was not disabled through December 31, 2012 (*i.e.,* the "date last insured"). (AR 20-31). Specifically, the ALJ found that through the date last insured: (1) plaintiff suffered from the following severe impairments: diabetes mellitus type II, rheumatoid arthritis, interstitial cystitis, asthma, discogenic disease of the lumbar spine (status post L4-5 fusion), and obstructive sleep apnea. (AR 22); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 23-25); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. § 404.1567(a)) with additional limitations[2] (AR 25); (4) plaintiff could perform her past relevant work

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (citations omitted).

[2] The ALJ determined that plaintiff: (i) could sit six hours out of an eight-hour day; (ii) could stand and walk two hours out of an eight-hour day with normal workday breaks; (iii) could occasionally lift 10 pounds and frequently lift less than 10 pounds; (iv) was precluded from operating foot pedals with both lower extremities; (v) could occasionally climb stairs, bend, balance, stoop, kneel, crouch, or crawl; (vi) was precluded from climbing ladders, ropes, or scaffolding, and precluded from working at unprotected heights; (vii) was precluded from

(continued...)

1  as an Order Clerk and as a Bookkeeper (AR 29-30); and (5) plaintiff's allegations
2  regarding her limitations were not entirely credible (AR 26).
3       The Appeals Council denied plaintiff's application for review.  (AR 1).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)  Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)  Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)  Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

---

(...continued)
concentrated exposure to temperature extremes, as well as dusts, fumes, gases, and other pulmonary irritants; and (viii) was limited to frequent, but not constant, gross and fine manipulation.  (AR 25).

|   |   |   |
|---|---|---|
|   |   | Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
|   | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed properly to consider the opinions of plaintiff's treating physician. (Plaintiff's Motion at 5-11).  The Court disagrees.

### A. Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted).  A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted); see also 20 C.F.R. § 404.1527(c)(2).  An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion.  See id. (citation omitted).

A treating physician's opinion is not necessarily conclusive, however, as to a claimant's medical condition or disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  An ALJ may reject a treating physician's uncontroverted opinion by providing "clear and convincing reasons supported by

substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). Where a treating physician's opinion conflicts with another doctor's opinion, an ALJ may reject the treating opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

### B. Analysis

Here, plaintiff contends that the ALJ failed properly to consider certain opinions provided by plaintiff's treating physician, Dr. Roger Kornu (Plaintiff's Motion at 5-11), specifically (1) a rheumatology consultation letter dated January 6, 2012, in which Dr. Kornu opined, in pertinent part, that plaintiff was "disabled . . . and cannot work certainly a typical job" (AR 617); and (2) a Physical Capacities Evaluation check-box form dated February 19, 2013 (*i.e.*, almost two months after plaintiff's date last insured) in which Dr. Kornu essentially opined that plaintiff's impairments and related limitations would prevent plaintiff from performing even sedentary work (collectively "Dr. Kornu's Opinions"). (AR 814). The Court disagrees.

First, the single-page Physical Capacities Evaluation form prepared by Dr. Kornu contained only check-the-box opinions. (AR 814). As the ALJ noted, the completed form said little about the evidence upon which Dr. Kornu may have relied to conclude that plaintiff had the noted significant physical limitations. At most the "remarks" box at the bottom of the page contains conclusory statements which – to the extent not illegible – appear to say only that plaintiff's functional limitations were due to flare-ups of plaintiff's rheumatoid arthritis with stiffness and intermittent swelling. (AR 28, 814). The ALJ properly rejected in part Dr. Kornu's Opinions on this basis alone. See, e.g., Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ [] permissibly rejected [medical evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions."); De Guzman v. Astrue, 343 Fed. Appx. 201, 209 (9th Cir.

1  2009) (ALJ "is free to reject 'check-off reports that d[o] not contain any
2  explanation of the bases of their conclusions.'") (citing id.); see also Murray v.
3  Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for
4  individualized medical opinions over check-off reports).
5      Second, the ALJ also properly rejected Dr. Kornu's Opinions because they
6  were not supported by the physician's own notes or other objective medical
7  evidence in the record as a whole.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217
8  (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including
9  a treating physician, if that opinion is brief, conclusory, and inadequately
10 supported by clinical findings.") (citation and internal quotation marks omitted);
11 Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's
12 opinion properly rejected where treating physician's treatment notes "provide no
13 basis for the functional restrictions he opined should be imposed on [the
14 claimant]").  For example, as the ALJ noted, apart from the period immediately
15 after plaintiff's lumbar spine surgery (when plaintiff was "off all medication for
16 some time"), there are no significant flare-ups of plaintiff's rheumatoid arthritis
17 noted in the records since the alleged onset date.  (See AR 315 [noting that
18 following [low back surgery], and after plaintiff "[held] meds for 3 weeks,"
19 plaintiff "did have a flare-up [] with pain on her right shoulder and pain on her
20 hands"]; AR 308, 312-13, 318-19, 323-24, 541-42, 547-48, 618-19, 715-16, 718-
21 19, 720-27 [noting general stiffness, swelling, pain, and fatigue, but otherwise
22 unremarkable physical examinations]; see also AR 715 [noting "[plaintiff] has
23 done well with no major flare-ups with no problems with her hands . . . [and] hip
24 stiffness"]).  In addition, as the ALJ noted, there is no objective evidence in Dr.
25 Kornu's records which supports plaintiff's complaints of fatigue (and certainly not
26 even subjective complaints that would plausibly suggest plaintiff experienced
27 fatigue that was "unrelenting" as plaintiff contends in briefing (Plaintiff's Motion
28 at 8)).  (AR 312, 318, 323, 541, 619, 725).  The ALJ also properly rejected Dr.

1  Kornu's Opinions to the extent the were based solely on plaintiff's subjective
2  complaints which the ALJ found "not entirely credible."  See, e.g., Ghanim v.
3  Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may discount medical opinion
4  based "to a large extent" on a claimant's "self-reports" that the ALJ found "not
5  credible") (internal quotation marks and citations omitted).  To the extent plaintiff
6  suggests that Dr. Kornu's medical records actually reflect more significant
7  functional limitations (Plaintiff's Motion at 7-10), this Court will not second guess
8  the ALJ's reasonable determination to the contrary, even if such evidence could
9  give rise to inferences more favorable to plaintiff.  See Robbins, 466 F.3d at 882
10 (citation omitted).

      Finally, the ALJ properly rejected Dr. Kornu's conclusory statements that
plaintiff was "disabled . . . and cannot work certainly a typical job." (AR 28, 617);
cf. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must provide
explanation only when rejecting "significant probative evidence") (citation
omitted).  Non-medical opinions that plaintiff is disabled or unable to work are not
binding on the Commissioner.  See Boardman v. Astrue, 286 Fed. Appx. 397, 399
(9th Cir. 2008) ("[The] determination of a claimant's ultimate disability is reserved
to the Commissioner . . . a physician's opinion on the matter is not entitled to
special significance."); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005)
("Although a treating physician's opinion is generally afforded the greatest weight
in disability cases, it is not binding on an ALJ with respect to the existence of an
impairment or the ultimate determination of disability.") (citation omitted); 20
C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or
decision about whether you meet the statutory definition of disability. . . . A
statement by a medical source that you are 'disabled' or 'unable to work' does not
mean that we will determine that you are disabled.").

      Accordingly, a remand or reversal on this basis is not warranted.

///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 29, 2015

                                                    /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE